11 SAUNDERS, Judge.
An insured appeals the decision of the trial court dismissing its lawsuit against its fire insurer, Colony Insurance Company, to recover proceeds under a fire insurance policy. The trial court found that the insurer met its burden of proving an arson defense, and thus, dismissed plaintiffs claim finding that it was not entitled to the proceeds under the policy. For the following reasons, we affirm the judgment of the trial court.
1 ¡FACTS
The plaintiff, Pham Vo., Inc., is a family owned business corporation. The sole incor-porator for Pham Vo, Inc., is Tu Pham, the son of Ngoc Pham and Duong Vo. The Pham family are Vietnamese who moved to the United States in the early 1980’s. Mrs. Duong Vo, the matriarch of the family, was limited as to her job opportunities due to her inability to speak English. As a result, the family decided to go into the retail grocery business. Ngoc Pham learned through the family accountant that a business located in Marksville, Louisiana, known as “Treasure Food,” was for sale. The Pham family then borrowed money and bought the business and stock from the previous owners for $44,-000.00. The family leased the budding from the Tassin family for $700.00 a month for five years beginning September 1,1993.
On May 8, 1995, the business known as “Treasure Food” burned, causing a substantial amount of damage to the stock, equipment, and the building. As a result of the fire, an inventory was made by the appellant of the losses sustained and a demand was made upon the insurer, Colony Insurance Company, for payment under the policy. Colony refused to compensate under the policy alleging that the fire was of an incendiary origin and that Ngoc Pham intentionally burned the building.
Ngoc Pham was arrested, tried and convicted of the crime of arson in regards to this fire. Nevertheless, Pham Vo, Inc. filed the instant suit to recover for the loss of contents and equipment of the store pursuant to the proceeds of a fire insurance policy issued to it by Colony Insurance Company.
After hearing the evidence and testimony, the civil trial judge found that the insurer had proved arson and that Ngoc Pham was responsible for the arson, thus rejecting the claim of the plaintiff. It is from this judgment that plaintiff now appeals.

JJLAW AND OPINION

In Rist v. Commercial Union Ins. Co., 376 So.2d 113, 113-114 (La.1979), our supreme court set forth the criteria a defendant must prove in order to succeed in an affirmative defense of arson:
By raising the affirmative defense of arson, the insurer has the burden of establishing, by convincing proof, that the fire was of incendiary origin and that plaintiff was responsible for it. An insurer need not prove its case beyond a reasonable *1308 doubt; it suffices that the evidence preponderates in favor of the defense. Summit v. Providence Washington Ins. Co., 221 La. 633, 60 So.2d 68 (1952). In addition, we stated in Sumrall:
Proof, of course, may be and invariably is entirely circumstantial. And, in these instances, a finding for defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but that the claimant is responsible for the fire.... Accordingly, the questions presented in matters of this sort are answered by the particular facts of the controversy.
The evidence contained in the record overwhelmingly supports a finding that the fire was of incendiary origin. First and foremost, Ngoc Pham admitted that he was found guilty of arson in a criminal proceeding relating to the fire at issue. Secondly, Mr. Pham admitted that the signature on the confession that led to his arrest and subsequent conviction was his own. In addition to Mr. Pham’s own testimony, Fire Marshall Idal Guillot, who was qualified as an expert in the field of origin and causation of fires, and Detective Chris Lachney both testified that the fire was intentionally set.
Mr. Pham contends that he did not understand the confession he signed because he did not understand the English language very well and that the fire occurred due to his negligence, however, the trial judge had the opportunity to assess Mr. Pham’s comprehension of the English language during the civil proceeding, and determined that he sufficiently understood the English language. Additionally, while Mr. Guillot initially advised Mr. Pham of his rights, Detective Lachney testified that prior to | obtaining Mr. Pham’s statement, he went over the Miranda warnings with him not once, but three times. In fact, to make sure that Mr. Pham understood his rights, the record indicates that Detective Lachney had Mr. Pham initial after each of the enumerated rights were read to him. Even after Mr. Pham gave his statement, Detective Lachney testified that he read the statement to Mr. Pham before he signed it, again to ensure that Mr. Pham understood his statement before he affixed his signature to the document. Clearly, Detective Lachney and Mr. Guillot’s interview with Mr. Pham evidences that while they had to take more time with Mr. Pham, he comprehended and responded appropriately in English to the questions asked to him. As to Mr. Pham’s contention that the fire was negligently set, the evidence produced just does not corroborate his theory. Mr. Guillot, an arson investigator with the State Fire Marshall’s Office, testified that the investigation conducted evidenced that the fire had at least two points of origin: one being in the kitchen area and one being in the storeroom area, which suggests that the fire was of an incendiary nature. Detective Lachney’s investigation revealed even a third point of origin, and he testified that at two points of origin there was gasoline present which was found by a trained dog from the state fire marshal’s office. Clearly, the trial court was justified in finding this was a case of arson.
The first prong of the test being met, we now turn to determine whether Colony Insurance Company has proven the second prong of the test — proof by a preponderance of the evidence that plaintiff was responsible for the fire. Detective Lachney testified that upon his arrival at the fire scene, he initially checked the building for security and noted that the building was totally secured, except for the entrance made by the firemen. For this reason, Detective Lachney ruled out the possibility that a burglary or break-in had taken place.
| gThe evidence and testimony also demonstrated that the Phams had a financial motive for setting the fire to their building. While we recognize that the mere fact that the Phams would benefit financially by collecting under the insurance policy is insufficient to establish a financial motive for arson, the evidence is sufficient in the present ease to suggest that plaintiff had a financial motive. The evidence and the testimony demonstrate ed that the Phams were undergoing financial difficulty. More importantly, an employee of Treasure Foods testified that she overheard a conversation Mrs. Pham and Tu Pham had before the fire occurred, in which they dis *1309 cussed enlarging the store to include a restaurant if the store burned.
Mr. Pham’s confession that he intentionally set fire to the store coupled with Detective’s Lachney’s findings that there was no evidence to indicate that a burglary or break-in had taken place and the testimony of the store employee implicating the Phams, sufficiently supports a finding that no other reasonable hypothesis can be reached other than that the fire was of incendiary origin and that Mr. Pham was responsible for setting the fire.
For the foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant’s cost.
AFFIRMED.
COOKS, J., concurs in result.